# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BOBBIE HOVINGHOFF, )
)
      Petitioner, )
)
v. ) No. CIV 15-075-RAW-KEW
)
DEBBIE ALDRIDGE, Warden, )
)
      Respondent. )

## OPINION AND ORDER

This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a pro se inmate in custody of the Oklahoma Department of Corrections (DOC), is incarcerated at Mabel Bassett Correctional Center in McLoud, Oklahoma. She is challenging her conviction in Okmulgee County District Court Case No. CF-2013-358B for the crimes of Enabling Child Abuse and Child Sexual Abuse. The respondent has filed a motion to dismiss the petition for failure to exhaust state court remedies. Petitioner has not responded to the motion.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To

satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction, until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that on May 21, 2014, Petitioner entered a plea of guilty and was sentenced in Case No. CF-2013-358B. She did not move to withdraw her plea and proceed with a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). On October 16, 2014, she filed an application for post-conviction relief in the trial court, which was denied on October 16, 2014. According to the Order Denying Application for Post-Conviction Relief, "all issues raised in said Application could have and should have been raised on Direct Appeal, they were not, and are therefore barred from consideration on an Application for Post Conviction Relief." (Dkt. 15-5). Petitioner did not appeal the denial to the OCCA.

With respect to filing an appeal for the purpose of exhausting her claims, Petitioner alleges, "[M]y attorney told me that it didnt [sic] apply to me due to my cases." (Dkt. 1 at 6, 7, 8, 10). At the time the response was filed, Petitioner still was within her statutory year ro seek relief from the state court through a motion to withdraw plea out of time or an appeal of her post-conviction proceeding out of time. Furthermore, if Petitioner believes there are reasons which would show "cause" for failing to follow the proper state procedure to appeal, such as her counsel's alleged statement, she must exhaust the "cause" before coming to federal court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that a claim of

2

ineffective assistance that is offered as "cause" to excuse the procedural default of another claim can itself be procedurally defaulted).

Here, Petitioner has not met her burden of proving exhaustion. She has failed to demonstrate either the satisfaction of the exhaustion requirement or that she has no available state avenue of redress. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995), *cert. denied*, 517 U.S. 1223 (1996); *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924 (1992). In addition, the respondent does not expressly waive exhaustion. Therefore, the court finds the petition is unexhausted and must be dismissed.

The court further concludes Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c).

**ACCORDINGLY,** the respondent's motion to dismiss the petition for failure to exhaust state court remedies (Dkt. 14) is GRANTED, Petitioner is DENIED a certificate of appealability, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 15th day of March 2016.

**Dated this 15th day of March, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma